828 P.2d 1299

**Jerry LOCKHART, Appellant, Appellant on Appeal,**

v.

**DEPARTMENT OF FISH AND GAME, Respondent, Respondent on Appeal.**

**No. 19077.**

Supreme Court of Idaho, Boise, January 1992 Term.

March 31, 1992.

Evans, Keane, Koontz, Boyd, Simko & Ripley, Boise, for appellant. Larry D. Ripley argued.

Larry J. EchoHawk, Atty. Gen., W. Dallas Burkhalter, Deputy Atty. Gen., Boise, for respondent. W. Dallas Burkhalter argued.

BOYLE, Justice.

This is an appeal by Jerry Lockhart from a decision of the district court dismissing, for lack of jurisdiction, an appeal from a decision by the Idaho Personnel Commission. In this case we are called on to determine whether the court had jurisdiction under the provisions of the Personnel System Act to hear Lockhart's appeal.

**I.**

On February 10, 1989, after eleven years of service with the Department of Fish and

Game, Lockhart was dismissed for cause by the Director of the Department. Lockhart filed a grievance three days later asserting that the Department had terminated him without cause and without a review of all available alternatives to termination. After a hearing by the grievance panel, the Director implemented the panel's recommendations by placing Lockhart on disciplinary suspension for 15 working days and demoting him and reducing his pay beginning April 10, 1989. Lockhart was subsequently reassigned to Idaho Falls even though he continued to maintain his residence in McCall.

Lockhart appealed these disciplinary measures to the Idaho Personnel Commission. The hearings pursuant to this appeal were conducted in Boise according to the established policies of the Personnel Commission set forth in its Certificate of Referral. The Commission stated that due to budgetary constraints it could not always conduct its hearings in the place most convenient to Lockhart. Though Lockhart resided in Valley County, he never objected to the location of the hearings in Ada County.

At the conclusion of the hearings, the hearing officer affirmed the 15 day suspension but reversed Lockhart's disciplinary demotion and reassignment. The Department appealed the hearing officer's decision to the full Commission which heard oral arguments in Boise, Ada County, Idaho. On March 16, 1990 the Personnel Commission reinstated the Director's actions.

The time for filing an appeal pursuant to I.C. § 67–5317(3) was set to expire on April 27, 1990. On April 25, 1990, Lockhart filed a notice of appeal from the Commission's decision in the Fourth Judicial District Court in and for Valley County.[1] Lockhart did not file a notice of appeal in Ada County. Thereafter, on May 18, 1990, the Department moved the court to dismiss the appeal on the grounds that the Valley County district court lacked jurisdiction to hear the appeal.

1. District Judge George D. Carey was assigned the case and sat in Valley County even though

On December 10, 1990, after briefs had been submitted and oral arguments heard, the district court granted the Department's motion to dismiss the appeal for lack of jurisdiction. In its written opinion, the district court concluded that I.C. § 67–5215(b) of the Administrative Procedure Act (APA), which specified the location of appeal as "the district court of either the county in which the hearing was held or the county in which the final decision of the agency was made," should be applied because the Personnel System Act (PSA) did not have a specific provision indicating in which district court notices of appeal should be filed. Lockhart subsequently appealed the district court's decision to this Court.

## II.

When reviewing a decision of the Personnel Commission, the scope of a court's inquiry is governed by I.C. § 67–5318. However, the jurisdiction of a district court is a matter of law over which we exercise independent review. Idaho Const. art. 5, §§ 2, 20; *Hanson v. State*, 121 Idaho 507, 826 P.2d 468 (1992).

The fundamental question presented by this appeal is whether the district court was correct in determining that it was without jurisdiction to hear Lockhart's appeal because the notice of appeal should have been filed in Ada County. We recently reviewed our case law concerning a court's jurisdiction in *Hanson v. State*, 121 Idaho 507, 826 P.2d 468 (1992). In *Hanson* we noted that jurisdiction is comprised of two parts, subject matter jurisdiction and jurisdiction over the person. Discussing subject matter jurisdiction we stated:

"Jurisdiction over the subject matter is the right of the court to exercise judicial power over that class of cases; not the particular case before it, but rather the abstract power to try a case of the kind and character of the one pending; and not whether the particular case is one that presents a cause of action, or under

his permanent chambers are in Ada County.

the particular facts is triable before the court in which it is pending, because of some inherent facts which exist and may be developed during the trial." (Brown on Jurisdiction, p. 4; *Richardson et al. v. Ruddy,* 15 Ida. 488, 98 Pac. 842.) The immediate preceding statement of law is elemental and of universal application. *Hanson v. State,* 121 Idaho at 509, 826 P.2d at 470 (quoting *Wayne v. Alspach,* 20 Idaho 144, 149–50, 116 P. 1033, 1035 (1911)).

With regard to jurisdiction over the person, we held in *Hanson* that the voluntary appearance before a court by both parties to the dispute was sufficient to confer jurisdiction. We stated:

> Both parties appeared before the court voluntarily, requesting relief from the court, and thus personal jurisdiction existed over both litigants. *Wayne v. Alspach, supra,* ("[T]herefore, by such general appearance the court without doubt acquired jurisdiction unquestioned by them over their persons ...," 20 Idaho at 150 [116 P. 1033.]); *Nilsson v. Mapco,* 115 Idaho 18, 764 P.2d 95 (Ct. App.1988).

*Hanson v. State,* 121 Idaho at 510–11, 826 P.2d at 471–72.

In the present case, the Department of Fish and Game does not dispute that the district court has general subject matter jurisdiction by virtue of the Personnel System Act contained in I.C. §§ 67–5301 through 67–5341. The Department argues that the district court is without personal jurisdiction under *Briggs v. Golden Valley Land & Cattle Co.,* 97 Idaho 427, 546 P.2d 382 (1976). However, because a straightforward application of the provisions of the Personnel Systems Act demonstrates that Lockhart filed his notice of appeal in the correct district court, it is not necessary that we revisit *Briggs* at this time.

### III.

■ It is uncontroverted that Lockhart's grievance procedure is governed by the provisions of the Personnel System Act. *See* I.C. § 67–5303. Nevertheless, the Department argues that because the PSA

does not expressly indicate which court should receive notices of appeal the procedural appeal provisions of the APA should be applied. While this argument might be colorable in the absence of our case law to the contrary, in *Swisher v. State Dep't of Env't & Community Serv.,* 98 Idaho 565, 569 P.2d 910 (1977), we provided the analysis which clearly rejects the Department's position.

In *Swisher,* after reviewing the legislation creating what is now the Personnel System Act, we held that to the extent the PSA conflicts with the APA an "appeal from the personnel commission to the district court must be conducted *exclusively* under the Personnel Commission Act and not under the APA." *Swisher,* 98 Idaho at 570, 569 P.2d at 915 (emphasis added); *see also* I.C. § 67–5304(2). Moreover, we also held that "the Personnel Commission Act *conflicts* with the APA to the extent that it provides the procedure for hearings *and for appeals to the district court under the act.*" *Swisher,* 98 Idaho at 569, 569 P.2d at 914 (emphasis added).

The only issue then is whether the PSA provides procedural rules defining which district court should hear appeals under the Act. The Department argues that because I.C. § 67–5317(3) did not specify which "district court" was referred to, the PSA left a void which must be filled by reference to the APA. We disagree.

Idaho Code § 67–5317(3) states in pertinent part that "[a] decision of the commission shall be final and conclusive between the parties, unless within forty-two (42) days of the filing of such decision either party appeals to the district court." Rather than look to an entirely different act to find the definition of "district court" in I.C. § 67–5317(3), as urged by the Department, it is preferable to refer to the immediately preceding subsection of the PSA. Idaho Code § 67–5317(2), referring to enforcement of the Commission's decisions, states that a "party in interest may file *in the district court for the county in which any party to the proceeding resides,* a certified copy of the decision of the commission, which district court shall have power to

enforce by proper proceedings." (Emphasis added.)

There is no apparent reason why the same district court which has authority to enforce decisions of the Personnel Commission cannot also hear appeals of those same decisions. Moreover, supplying I.C. § 67–5317(3) with the definition of "district court" contained in I.C. § 67–5317(2), we not only give effect to the probable legislative intent but we also follow the rule of statutory construction that statutes should be construed as a whole. "Language of a particular section need not be viewed in a vacuum. And all sections of applicable statutes must be construed together so as to determine the legislature's intent." *Umphrey v. Sprinkel,* 106 Idaho 700, 706, 682 P.2d 1247, 1253 (1983); *see also J.R. Simplot Co. v. Idaho State Tax Comm'n,* 120 Idaho 849, 853–54, 820 P.2d 1206, 1210–11 (1991).

■ Given the legislature's intent that the PSA provide the exclusive "means whereby classified employees of the state of Idaho shall be examined, selected, retained and promoted," I.C. § 67–5301, and the fact that the 1986 amendments to the PSA removed all references to the appeal procedures of the APA, *see* 1986 Idaho Sess.Laws ch. 134, § 4 at 355 (amending former I.C. § 67–5316), we reject the Department's suggestion that the APA is needed to fill a perceived gap or void in the definition of "district court" in I.C. § 67–5317(3). If we were to indiscriminately graft APA provisions into the PSA we would be creating an unwarranted trap for those attempting to conduct themselves within the "exclusive" parameters of the PSA. We therefore reiterate our holding in *Swisher* "that the proceedings before the personnel commission and its hearing officer and the appeal from the personnel commission to the district court must be conducted exclusively under the [PSA] and not under the APA." *Swisher,* 98 Idaho at 570, 569 P.2d at 915 (1977).

In this case it is undisputed that at the time Lockhart was initially subjected to disciplinary action he resided in Valley County. Inasmuch as he filed his notice of appeal with the district court in and for Valley County, there was no procedural violation and the district court erred in dismissing the appeal for lack of jurisdiction.

The cases of *Sheets v. Idaho Dep't of Health & Welfare,* 114 Idaho 111, 753 P.2d 1257 (1988), and *Stroud v. Department of Labor & Industrial Servs.,* 112 Idaho 891, 736 P.2d 1345 (Ct.App.1987), cited by the Department, are not contrary to our holding today. These cases merely recognize that to the extent the subject matter of the PSA did not cover a particular administrative proceeding, the provisions of the APA would govern. Here, however, it is unquestioned that Lockhart's grievance is covered by the subject matter of the PSA. Therefore, *Sheets* and *Stroud* are distinguishable from the instant case and do not support the Department's position.

In addition, the appeal procedure specified in § 67–5215(b) of the APA is not contrary to our holding. That section expressly recognizes the superiority of other more specific laws governing the appeals of administrative determinations. Idaho Code § 67–5215(b) states:

> *Except when otherwise provided by law,* proceedings for review are instituted by filing a petition in the district court of either the county in which the hearing was held or the county in which the final decision of the agency was made, within 30 days after the service of the final decision of the agency or, if a rehearing is requested within 30 days after the decision thereon.

(Emphasis added.) In relying on this section of the APA, the district court did not take into account that it applies "except when otherwise provided by law." I.C. § 67–5215(b).

For the foregoing reasons, the provisions of the PSA, read in conjunction with our controlling precedent in *Swisher,* clearly specify that Lockhart's notice of appeal was properly filed in the district court where "any party to the proceeding resides." I.C. § 67–5317(2).

## IV.

■ Lockhart requests attorney fees under I.C. § 12–117.[2] Lockhart argues that the state has pursued a jurisdictional technicality without merit which has unnecessarily delayed the final resolution of this appeal. Lockhart continues by asserting that during this time he has been forced to endure a severe cut in pay, a transfer from McCall to Idaho Falls, and the expense of litigation while the Department enjoys the vast resources of the State.

On the other hand, the Department correctly notes that I.C. § 12–117 provides for an award of attorney fees against the state only when the Court finds that the "state agency acted without a reasonable basis in fact or law." The Department argues that it did have a reasonable basis in fact or law as demonstrated by the decision of the district court which agreed with its motion and dismissed Lockhart's appeal for lack of jurisdiction. After considering the matter, we conclude that the issue is controlled by our cases.

In *Bogner v. State Dep't of Revenue & Taxation*, 107 Idaho 854, 693 P.2d 1056 (1984), we interpreted I.C. § 12–117 in the administrative agency setting. While recognizing in *Bogner* that the state agency had a colorable claim, by the enactment of I.C. § 12–117 we discerned an intent by the legislature to require more than merely a colorable claim on the part of a state agency. We stated that the purpose of I.C. § 12–117 was

> (1) to serve as a deterrent to groundless or arbitrary agency action; and (2) to provide a remedy for persons who have borne unfair and unjustified financial burdens defending against groundless charges or attempting to correct mistakes agencies should never ha[ve] made.

*Bogner*, 107 Idaho at 859, 693 P.2d at 1061. More recently in *Moosman v. Idaho Horse Racing Comm'n*, 117 Idaho 949, 793 P.2d 181 (1990), we held that where a state agency had no authority to order a particular action, it acted without a reasonable basis in fact or law.

In the instant appeal, it is clear that the PSA provides for an appeal to the "district court," I.C. § 67–5317(3), which is described in the immediately preceding subsection as "[t]he district court for the county in which any party to the proceeding resides." I.C. § 67–5317(2). The record is clear that Lockhart resided in Valley County. Under these unique circumstances it is clear that the district court in and for Valley County was a proper "district court" in which to file a notice of appeal.

In clear, unambiguous and mandatory language, I.C. § 12–117 requires an award of reasonable attorney fees merely upon a showing "that the agency acted without reasonable basis in fact or law." Notwithstanding the Department was defending a favorable judgment of the district court, under *Moosman* we conclude the motion to dismiss for lack of jurisdiction was made without a reasonable basis in law or fact and Lockhart is entitled to an award of attorney fees. *Moosman v. Idaho Horse Racing Comm'n*, 117 Idaho 949, 793 P.2d 181 (1990). Further, as I.C. § 12–117 is applicable to this appeal, we hold that Lockhart is entitled to attorney fees on appeal for the Department's attempt to dispose of this case on a clearly erroneous interpretation of the PSA.

## V.

The order of the district court in and for Valley County dismissing Lockhart's appeal is reversed and remanded with directions to hear Lockhart's appeal on the

---

2. **12–117. Attorney's fees, witness fees and expenses awarded in certain instances.**—(1) In any administrative or civil judicial proceeding involving as adverse parties a state agency and a person, the court shall award the person reasonable attorney's fees, witness fees and reasonable expenses, if the court finds in favor of the person and also finds that the state agency acted without a reasonable basis in fact or law.

(2) If the person is awarded a partial judgment and the court finds the state agency acted without a reasonable basis in fact or law, the court shall allow the person attorney's fees, witness fees and expenses in an amount which reflects the person's partial recovery.

merits. The district court is also directed to award costs and attorney fees in accordance with I.C. § 12–117 against the Department for expenses incurred in that court to oppose the Department's jurisdictional argument.

Reversed and remanded. Costs and attorney fees awarded to Lockhart on appeal.

BAKES, C.J., and BISTLINE, JOHNSON and McDEVITT, JJ., concur.