868 P.2d 479

**Cottie HOOD, Employee, Petitioner–Appellant,**

v.

**IDAHO DEPARTMENT OF HEALTH AND WELFARE, Employer, Respondent.**

**No. 20273.**

Supreme Court of Idaho,
Boise, December 1993 Term.

Feb. 9, 1994.

152

William B. Latta, Jr., Boise, for petitioner-appellant.

Larry EchoHawk, Atty. Gen., Michael R. DeAngelo, Deputy Atty. Gen., argued, for respondent.

JOHNSON, Justice.

■ This is a public employee grievance case. We conclude that in adopting an administrative rule establishing a probationary period of 1,040 hours of credited state service for state employees, the Idaho Personnel Commission (the commission) erroneously construed its statutory authority to adopt a rule establishing a probation period not to exceed six months.

## I.

## THE BACKGROUND AND PRIOR PROCEEDINGS.

Cottie Hood was employed by the Idaho Department of Health and Welfare (the department) as a social worker specialist. On April 29, 1990, Hood was hired by the department as a probationary employee, working twenty-four hours each week. On March 25, 1991, approximately eleven months after she was hired as a probationary employee, Hood was given written notification that she would be terminated the following month for failure satisfactorily to complete her entrance probationary period. Hood filed a grievance with the department, stating that at the time she received her termination notice, she was no longer a probationary employee, because she had worked more than the maximum probationary period of six months established by I.C. § 67–5309(i). (Note that in 1993 this section was amended and this subdivision was redesignated as § 67–5309(j).) Hood claimed she was entitled to a performance evaluation and various procedural safeguards before the department could terminate her. Hood also contended that, as a permanent employee, she could only be terminated for cause.

The department rejected Hood's grievance, relying on a rule of the commission, IDAPA 28.15.A.2.a, which sets the entrance probation period at "one thousand forty (1040) hours of credited state service." (Note that IDAPA 28.15.A.2.a subsequently has been redesignated as IDAPA 28.01.01150.02.a.) One thousand forty hours of credited state service is equal to employment for six months at forty hours each week.

IDAPA 28.15.C.1 (now IDAPA 28.01.-01152.01) requires the department, no later than thirty days after the expiration of the entrance probation period, to notify a probationary employee of the employee's failure to "serve satisfactorily." The department determined that Hood did not complete the requisite 1,040 hours of service until February 27, 1991. The department took the position that pursuant to I.C. § 67–5309 and IDAPA 28.15.C.1 and 2, Hood was given timely notice of her termination. The department relied on IDAPA 28.15.A.2.a, to support its determination that Hood's termination was not a "grievable issue" under I.C. § 67–5315(1), because Hood was a probationary employee at the time of the notice of termination.

Hood appealed the rejection of her grievance to the commission, which assigned the matter to a hearing officer. The department moved to dismiss the appeal for lack of jurisdiction. The hearing officer denied the department's motion, ruling that pursuant to I.C. § 67–5309(i), Hood's six-month probationary period was completed October 28, 1990. The hearing officer concluded that because Hood did not receive an evaluation within thirty days after this date, and because no extension of the probationary period was requested by the state personnel director, Hood became a permanent classified employee by operation of law. Therefore, the hearing officer decided, Hood could only be terminated for cause. The hearing officer remanded the proceeding to the department with instructions to reinstate Hood to her former position, to certify Hood as a permanent classified employee without loss of pay or benefits, and to reconsider Hood's grievance. The hearing officer denied an award of attorney fees to Hood.

The department appealed the hearing officer's determination to the full commission. The commission reversed the hearing officer's decision, concluding that IDAPA 28.15.-A.2.a is a valid construction of I.C. § 67–5309(i), and affirmed the hearing officer's denial of attorney fees to Hood.

Hood appealed the commission's decision to the district court. The district court affirmed the commission's decision, finding that IDAPA 28.15.A.2.a is a valid construction of the legislative guidelines provided in I.C. § 67–5309(i). The district court declined to reach the issue of attorney fees.

Hood appealed.

## II.

## BY PROVIDING FOR A PROBATIONARY PERIOD OF "1040 HOURS" IN IDAPA 28.15.A.2.a, RATHER THAN SIX CALENDAR MONTHS, THE COMMISSION ERRONEOUSLY CONSTRUED I.C. § 67–5309(i).

Hood asserts that in promulgating IDAPA 28.15.A.2.a, the commission erroneously construed I.C. § 67–5309(i). We agree.

In *J.R. Simplot Co. v. Tax Com'n*, 120 Idaho 849, 820 P.2d 1206 (1991), the Court reaffirmed the validity of the rule of deference to agency construction of statutes. To aid in determining the appropriate level of deference to be given, the Court established a "four-prong test":

■ The court must first determine if the agency has been entrusted with the responsibility to administer the statute at issue. Only if the agency has received this authority will it be "impliedly clothed with power to construe" the law.

■ The second prong of the test is that the agency's statutory construction must be reasonable....

■ The third prong for allowing agency deference is that a court must determine that the statutory language at issue does not expressly treat the precise question at issue....

■ If an agency, with authority to administer a statutory area of the law, has made a reasonable construction of a statute on a question without a precise statutory answer then, under the fourth prong of the test, a court must ask whether any of the rationales underlying the rule of deference are present.

*Id.* at 862, 820 P.2d at 1219.

Addressing the first prong of the *Simplot* test, the Court must determine whether the commission has been entrusted with the re-

sponsibility to administer I.C. § 67-5309(i). I.C. § 67-5309 provides:

> The commission shall have the power and authority to **adopt** ... such rules ... as may be necessary for proper administration of this act. Such rules shall include:
>
> (i) A rule establishing a probation period not to exceed six (6) months for all appointments ...

(Emphasis added.)

Clearly, the legislature entrusted the commission with the responsibility to administer I.C. § 67-5309(i) by establishing a probationary period within the statutory limits.

The second prong of the *Simplot* test directs the Court to determine whether the commission's construction of I.C. § 67-5309(i) is reasonable. We conclude that the commission's construction of I.C. § 67-5309(i) in IDAPA 28.15.A.2.a is not reasonable. I.C. § 73-114 states:

**Statutory terms defined.—** ...

> The following words have, in the compiled laws, the signification attached to them in this section, unless otherwise apparent from the context:
>
> . . . .
>
> 4. The word "month" means a calendar month, unless otherwise expressed.

It is not reasonable in light of this definition for the commission to construe "six months" to mean "one thousand forty (1,040) hours of credited state service." Whatever utility the commission may have concluded its definition provided, it is not within the statutory limit set by I.C. § 67-5309(i).

◼ Under the third prong of the *Simplot* test, the Court must decide whether the language of I.C. § 67-5309(i) expressly requires that the probationary period established by the commission not exceed six calendar months, whether the employee works part-time or full-time. The Court will not defer to the commission's construction, if the construction contradicts the clear expression of the legislature. *Simplot,* 120 Idaho at 862, 820 P.2d at 1219. The legislature has clearly indicated that the maximum period of probation for "all appointments" is six calendar

months. The commission's construction contradicts this express provision of the statute.

Because of our conclusions that the commission's construction of the statute was not reasonable and contradicts the clear expression of the legislature, it is not necessary for us to address the fourth prong of the *Simplot* test.

### III.

### HOOD IS NOT ENTITLED TO ATTORNEY FEES IN THIS APPEAL.

◼ Hood asserts that she is entitled to attorney fees from the department under I.C. § 12-117 for successfully challenging the probationary period in excess of six calendar months. We disagree.

In *Lockhart v. Department of Fish and Game,* 121 Idaho 894, 898, 828 P.2d 1299, 1303 (1992), the Court restated the purpose of I.C. § 12-117:

> (1) to serve as a deterrent to groundless or arbitrary agency action; and (2) to provide a remedy for persons who have borne unfair and unjustified financial burdens defending against groundless charges or attempting to correct mistakes agencies should never ha[ve] made.

*Id.* at 898, 828 P.2d at 1303 (quoting *Bogner v. State Dep't of Revenue & Taxation,* 107 Idaho 854, 859, 693 P.2d 1056, 1061 (1984)) (brackets in original). Citing *Moosman v. Idaho Horse Racing Comm'n,* 117 Idaho 949, 793 P.2d 181 (1990), the Court also stated that "where a state agency had no authority to order a particular action, it acted without a reasonable basis in fact or law." *Lockhart,* 121 Idaho at 898, 828 P.2d at 1303.

Although we have concluded that the commission acted outside its authority by setting the probationary period at 1,040 hours of credited state service, we conclude that the department did not act unreasonably in following the commission's invalid rule and relying on the commission's decision.

## IV.

### CONCLUSION.

We reverse the decision of the commission and remand the matter to the commission for further proceedings.

We award Hood costs, but not attorney fees, on appeal.

McDEVITT, C.J., BISTLINE and SILAK, JJ., and HART, J. Pro Tem., concur.