IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 32264

CROWN POINT DEVELOPMENT, INC., an Idaho corporation,

    Petitioner-Respondent-Cross Appellant,

v.

CITY OF SUN VALLEY, a municipal corporation, a political subdivision of the State of Idaho,

    Respondent-Appellant-Cross Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, December 2006 Term

2007 Opinion No. 59

Filed: March 30, 2007

Stephen W. Kenyon, Clerk

---

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Blaine County. Honorable R. Barry Wood, District Judge.

District court order augmenting the record and order granting permit, vacated. Case remanded.

Hawley, Troxell, Ennis & Hawley, Ketchum/Boise, for appellant. Merlyn W. Clark argued.

Greener Banducci Shoemaker, PA Boise, for respondent. Wade Laurence Woodard argued.

---

BURDICK, Justice

This case asks the Court to decide whether Sun Valley City Council (City) properly denied Crown Point Development, Inc.'s (Crown Point) preliminary plat review application and design review application. This case also asks the Court to decide whether the district court erred by ordering the record to be augmented, by requiring that the City issue Crown Point a permit and by awarding Crown Point attorney's fees. We remand to the City so it can make proper findings of fact and vacate the district court's order to augment the record, its order requiring the City issue Crown Point a permit and its award of attorney's fees to Crown Point.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 20, 2002, Crown Point filed a preliminary plat review application and design review application for "Phase 5" of the Crown Ranch Subdivision, consisting of thirteen units. The City denied both applications. Crown Point then filed a new application seeking approval for an eleven unit Phase 5 plan and appealed the City's denial of the thirteen unit Phase

1

5 plan. The district court remanded the matter of the thirteen unit application to the City so that it could prepare revised findings of fact and conclusions of law.

Following the remand of the appeal on the thirteen unit application, the parties stipulated to a continuation of the appeal for the purpose of allowing Crown Point to proceed with its application for the eleven unit development. However, Crown Point withdrew its eleven unit application before the City made a decision and proceeded with the appeal of the thirteen unit application. In accordance with the remand order, the City prepared revised findings of fact and conclusions of law and submitted them to the district court on March 18, 2005. The district court ordered that the record be augmented with the Phase 1-4 applications on June 22, 2005. The district court then held that the City's decision to deny the thirteen unit application was not supported by substantial evidence in the record and reversed the City's decision. This appeal followed.

## II. STANDARD OF REVIEW

The Local Land Use Planning Act (LLUPA) allows an affected person to seek judicial review of an approval or denial of a land use application, as provided for in the Idaho Administrative Procedural Act (IDAPA). I.C. § 67-6521(1)(d); *Evans v. Teton County*, 139 Idaho 71, 74, 73 P.3d 84, 87 (2003). For purposes of judicial review of LLUPA decisions, a local agency making a land use decision is treated as a government agency under IDAPA. *Evans*, 139 at 74, 73 P.3d at 87.

> In a subsequent appeal from a district court's decision in which the district court was acting in its appellate capacity under the Administrative Procedure Act . . . , the Supreme Court reviews the agency record independently of the district court's decision. As to the weight of the evidence on questions of fact, this Court will not substitute its judgment for that of the zoning agency.

> The Court shall affirm the zoning agency's action unless the Court finds that the agency's findings, inferences, conclusions or decisions are: "(a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) not supported by substantial evidence on the record as a whole; and (e) arbitrary, capricious, or an abuse of discretion." I.C. § 67-5279(3). The party attacking a zoning board's action must first illustrate that the board erred in a manner specified therein and must then show that a substantial right of the party has been prejudiced.

*Eacret v. Bonner County*, 139 Idaho 780, 784, 86 P.3d 494, 498 (2004) (internal citations omitted). Finally, planning and zoning actions are entitled to a strong presumption of validity;

2

this includes the zoning body's application and interpretation of its own zoning ordinances. *Sanders Orchard v. Gem County*, 137 Idaho 695, 698, 52 P.3d 840, 843 (2002).

### III. ANALYSIS

The City argues that the district court erred by ordering the record to be augmented and/or by failing to remand to the City after the augmentation. Crown Point argues that the City's denial of its application violates I.C. § 67-5279(3) by making findings or conclusions that are not supported by substantial evidence on the record, are in violation of statutory provisions, or are made in excess of the City's statutory authority. The City argues that the district court erred by ordering that the City issue Crown Point a permit and by awarding Crown Point attorney's fees. Since we remand to the City we need not address the City's argument that the district court erred when it ordered the City to issue Crown Point a permit. However, we note that a reviewing court does not grant or deny land use permits. *See Urrutia v. Blaine County*, 134 Idaho 353, 357, 2 P.3d 738, 742 (2000); *Chambers v. Kootenai County Bd. of Comm'rs*, 125 Idaho 115, 119, 867 P.2d 989, 993 (1994).

**A. The district court erred when it ordered that the record be augmented.**

The district court ordered the City to augment the record with applications and other documents related to the approval of Phases 1-4. The City argues that the augmentation was improper and that even if it was proper the matter should then have been remanded to the City so the City could review the information and issue further findings if it wished. Crown Point argues that augmentation of the record was proper because the documents were public records and the City was aware of the documents.[1] Since we hold that the augmentation of the record was error we do not need to address whether the matter should have been remanded to the City after the augmentation. However, we note that I.C. § 67-5276(2) provides that "[t]he agency may modify its action by reason of the additional evidence and shall file any modifications, new findings, or decisions with the reviewing court." The trial judge did not comply with this statute.

We review a district court's decision to admit additional evidence pursuant to I.C. § 67-5276 under an abuse of discretion standard. *In re Application for Zoning Change*, 140 Idaho 512, 515-16, 96 P.3d 613, 616-17 (2004). Abuse of discretion is determined by a three part test

---

[1] Crown Point also argues that the augmentation order was proper in light of I.C. § 67-5275(3) which states that "[t]he court may require corrections to the record." We do not address this argument because the district court never

which asks whether the district court "(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) reached its decision by an exercise of reason." *Sun Valley Potato Growers, Inc. v. Texas Refinery Corp.*, 139 Idaho 761, 765, 86 P.3d 475, 479 (2004) (citations omitted).

The district court correctly perceived the issue as one of discretion; it is not mandatory to allow additional evidence. Additionally, the district court's order showed that it reached its decision by an exercise of reason. However, the district court acted outside of its discretion and inconsistently with applicable legal standards.

By statute, "judicial review of disputed issues of fact must be confined to the agency record for judicial review as defined in this chapter [I.C. § 67-5275(1)], supplemented by additional evidence taken pursuant to section 67-5276, Idaho Code." I.C. § 67-5277. Idaho Code § 67-5276 allows additional evidence when prior to the hearing date, it is shown to the satisfaction of the court that there were good reasons for failure to present it in the agency hearing or that there were alleged irregularities in procedure before the agency. Thus, generally judicial review is confined to the agency record unless the party requesting the additional evidence complies with one of the two statutory exceptions in I.C. § 67-5276. *Petersen v. Franklin County*, 130 Idaho 176, 186, 938 P.2d 1214, 1224 (1997).

The district court relied on *Workman Family Partnership v. City of Twin Falls*, 104 Idaho 32, 35 655 P.2d 926, 929 (1982), as support for its order to augment the record. However, *Workman* has since been distinguished for its unusual facts. *See Urrutia,* 134 Idaho at 361, 2 P.3d at 746. We have distinguished *Workman* on the basis that the evidence in question was stipulated to by the city itself and that the city failed to object to the district court's consideration of the evidence. *Id*. In this case, the City has not stipulated to any evidence and the City objected to the admission of the Phase 1-4 documents.

Furthermore, we do not agree with the district court's conclusion that in its Phase 5 findings the City referenced information found solely in the Phase 1-4 applications or that it would be dispositive if it did. Though in *Workman* we noted the stipulated evidence was referenced by the Planning and Zoning Commission, the focus of that discussion was to what

stated the record needed to be corrected and did not order a correction of the record—it ordered that the record be augmented.

4

degree that would support enforcing the stipulation and not whether such a reference was an independent ground for allowing the additional evidence. *Workman*, 104 Idaho at 35, 655 P.2d at 929. Furthermore, the factual findings demonstrate that the City only considered information relating to Phase 1-4 to the degree such information was presented to the City in Phase 5 proceedings.[2] Therefore, *Workman* cannot support the augmentation to the record and it was inconsistent with legal standards to apply *Workman* to the case at hand.

Moreover, the order to augment was inconsistent with legal standards because Crown Point failed to meet the requirements of I.C. § 67-5276. Crown Point's request to include the additional evidence was untimely as the request was made at the hearing instead of before the hearing. Furthermore, the record fails to show that Crown Point's request was accompanied by either good reasons for failure to present it in the agency hearing or alleged irregularities in the procedure before the agency. Instead, Crown Point merely argued that the City should not be allowed to rely on what it characterizes as unreliable facts in the place of documents to which it had access. This argument fails. First, we note that items of public record do not necessarily become part of the agency record. *See Urrutia*, 134 Idaho at 360-61, 2 P.3d at 745-46 (holding that the additional evidence was improperly included even though the evidence—the City's approval of prior applications—was a matter of public record). Second, Crown Point did not allege below that the failure to consult the Phase 1-4 documents was a procedural irregularity.

We are sympathetic to the situation faced by the district court – reviewing findings of fact based on an analysis by several individuals of existing documents in the City's possession, but not the existing documents themselves. However, we are constrained by I.C. § 67-5277, which limits judicial review of disputed issues of fact to the agency record. The Phase 1-4 applications were never made part of the agency record, were not properly supplemented to the record according to the mandates of I.C. § 67-5276, and were not added to the record pursuant to agreement by both parties. Thus, the district court acted outside the boundaries of its discretion and inconsistently with legal standards when it ordered the augmentation to the record. However, on remand the City pursuant to I.C. § 67-6521(c)(ii) and notice to the parties may have a chance to compare the citizens' testimony with the records already in the City's possession.

---

[2] For instance, the comparison between Phase 5 and Phases 1-3 in Finding 7(c) are based on a map that was submitted by Crown Point as a part of its Phase 5 application. Likewise, Findings 7(f), (g), (i), (k), (l), and (n,)

Finally, we note that it is insufficient to merely show that the district court erred when it included the additional evidence. In *Urrutia,* this Court noted that the burden is upon the City to show that the district court's error in including the additional evidence is prejudicial. *Urrutia*, 134 at 361, 2 P.3d at 746. An error is prejudicial only if it could have affected or did affect the outcome of a proceeding. *Id*. In this case, the district court used specific information found on Phase 1-4 applications to conclude that some of the City's factual findings were not supported by substantial and competent evidence. Since the district court relied on the improperly admitted additional evidence to reverse some of the City's factual findings we hold that the erroneous inclusion of additional evidence was prejudicial in this case and an abuse of discretion. Therefore, we vacate the district court's order to augment the agency record.[3]

## B. The City failed to properly make factual findings.

Crown Point asks us to review the City's findings of fact and to find that they are not supported by substantial evidence on the record, are in violation of statutory provisions, or are made in excess of the City's statutory authority. However, we cannot review the findings for these errors because the City's revised findings of fact do not actually consist of factual findings made by the City. Therefore, we remand to the City to make proper factual findings.

When a city council makes a decision it must include "a reasoned statement in support of the decision." I.C. § 67-5248(1)(a). A finding of fact is a determination of a fact supported by the evidence in the record. Blacks Law Dictionary 284 (2d Pocket ed. 2001).

In this case, the majority of the City's findings of fact fail to make actual factual findings; instead, the "findings" merely recite portions of the record which could be used in support of a finding. For instance, Findings 7(a) and 7(b) merely state that Crown Point's Phase 5 applications contain certain information about the size of the units. Additionally, several of the findings consist of nothing more than a recitation of testimony given in the record. By reciting testimony, a court or agency does not find a fact unless the testimony is unrebutted in which case the court or agency should so state. "A finding of fact is a determination of a fact by the court [or agency], which fact is averred by one party and denied by the other and this determination

---

which also make comparisons between Phase 5 and Phases 1-3, are based on testimony presented by various persons during the City's consideration of the Phase 5 application.

[3] We are remanding this case to the City to make revised factual findings which Crown Point might choose to appeal. We express no opinion as to whether in that instance it would be appropriate to augment the record if Crown Point should properly move to augment the record pursuant to I.C. § 67-5276.

must be founded on the evidence in the case." *C.I.T. Corp. v. Elliott*, 66 Idaho 384, 397, 159 P.2d 891, 897 (1945) (internal quotations and citation omitted). Indeed, nothing listed under Finding 7 can be said to be a factual finding made by the City. The "findings of fact" do not determine any facts; they are only recitations of evidence which could be used to support a finding without an affirmative statement that the agency is finding the fact testified to. Thus, we remand this matter to the City so that it can make proper factual findings.

## C. The award of attorney's fees is vacated.

Neither party seeks attorney's fees on appeal. However, the City contends that the district court erred in ordering attorney's fees pursuant to I.C. § 12-117 below. Furthermore, the City argues that Crown Point is not entitled to attorney's fees related to Crown Point's second Phase 5 application, for an 11 unit development, which was later withdrawn by Crown Point. Crown Point argues that the district court correctly ruled that Crown Point is entitled to attorney's fees because the City acted without a reasonable basis in fact or law as demonstrated by the numerous errors in the City's Revised Findings. Crown Point also argues that the district court erred when it found some of Crown Point's legal fees unreasonable.

This Court applies a standard of free review when it reviews a district court's application of I.C. § 12-117. *Urrutia*, 134 Idaho at 361, 2 P.3d at 746. Idaho Code § 12-117(1) states in part:

> [I]n any administrative or civil judicial proceeding involving as adverse parties a state agency [or] a city, . . . the court shall award the prevailing party reasonable attorneys fees, witness fees and reasonable expenses, if the court finds that the party against whom the judgment is rendered acted without a reasonable basis in fact or law.

Since the case is being remanded to the City in order for it to make reviewable findings of fact, it can no longer be said that Crown Point is the prevailing party. Thus, we vacate the district court's award of attorney's fees to Crown Point.

## IV. CONCLUSION

We vacate the district court's order to augment the record and its order that the City issue Crown Point a permit. We remand to the City to make proper findings of fact. Finally, we vacate the district court's order awarding Crown Point attorney's fees. Costs to Respondent.

Chief Justice SCHROEDER and Justices TROUT, JONES and KIDWELL, J., Pro Tem, **CONCUR.**

7