**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 34961**

| | |
|---|---|
| SUNNYSIDE INDUSTRIAL AND PROFESSIONAL PARK, LLC an Idaho limited liability company and SUNNYSIDE PARK UTILITIES, INC., an Idaho corporation, )))))) | 2009 Opinion No. 33 |
| Plaintiffs-Appellants, )) | Filed: April 28, 2009 |
| v. )) | Stephen W. Kenyon, Clerk |
| EASTERN IDAHO PUBLIC HEALTH DISTRICT, fka DISTRICT SEVEN HEALTH DEPARTMENT, )))) | |
| Defendant-Respondent. )) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

Order denying motion for attorney fees, <u>affirmed</u>; order denying motion for reconsideration of attorney fees, <u>affirmed</u>.

Fuller & Carr, Idaho Falls, for appellant. Mark R. Fuller argued.

Hopkins, Roden, Crockett, Hansen & Hoopes, Idaho Falls, for respondent. Gregory L. Crockett argued.

_____

PERRY, Judge

Sunnyside Industrial and Professional Park, LLC and Sunnyside Park Utilities, Inc. appeal from the district court's order denying its motion for attorney fees pursuant to I.C. §§ 12-117 and 12-121. Sunnyside also appeals from the district court's order denying its motion for reconsideration of attorney fees. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Sunnyside developed commercial real estate and provided sewer and water services to some of the developed lots. Eastern Idaho Public Health District, f/k/a District Seven Health

1

Department, granted Sunnyside a permit to install an underground septic tank and sewage disposal system. After the system was installed in compliance with the Health District's specifications, the Health District lifted sanitary restrictions. Ten years later, the system failed and overflowed, causing sewage to spill into the drain field. The Health District granted Sunnyside a permit to install a temporary system to alleviate the overload and gave Sunnyside the permanent options of connecting with the city's sewer system through annexation or installing a large soil absorption system. After the Health District's deadline passed for Sunnyside to present a plan for an acceptable permanent solution, the Health District gave notice of its intent to re-impose the original sanitary restrictions on the property. Sunnyside appealed to the district director. The director affirmed the notice of intent to re-impose restrictions because Sunnyside had not complied with the conditions upon which sanitary restrictions were initially lifted. Sunnyside appealed to the District Board of Health. The Board also affirmed the notice of intent to re-impose restrictions, but held that the Department of Environmental Quality (DEQ) should provide the remedy. Thereafter, the Health District issued a certificate of disapproval and re-imposed sanitary restrictions on the property.

Sunnyside filed a petition in the district court for declaratory judgment and judicial review of the administrative decision seeking to set aside the notice of intent to re-impose sanitary restrictions and the subsequent re-imposition of sanitary restrictions, as well as the certificate of disapproval which had been imposed against the property. The district court, in granting relief to Sunnyside, held that the DEQ had authority to re-impose sanitary restrictions and to issue certificates of approval and disapproval. The district court further concluded that the Health District could not usurp these specific grants of authority in asserting its responsibility to do all things required for the preservation and protection of the public health. The DEQ granted some of this authority to the Health District, but the district court found that Sunnyside operated a central system under the jurisdiction of the DEQ. Accordingly, the district court held the Health District acted without authority and its notices of intent to re-impose sanitary restrictions, certificate of disapproval, and the re-imposition of sanitary restrictions were null and void.

Sunnyside then filed a motion for costs pursuant to I.R.C.P. 54(d) and attorney fees pursuant to I.C. §§ 12-117 and 12-121. The district court awarded Sunnyside costs as the prevailing party, but declined to award attorney fees under either section. The district court held that attorney fees under I.C. § 12-117 were not appropriate because the Health District was not a

2

state agency according to I.C. § 39-401 and had acted with a reasonable basis in fact or law. Even though it acted without authority, the district court held that the Health District acted reasonably to mitigate a public health concern caused by the overflowing septic tank and sewage pooling on the surface of the property. The district court held that attorney fees were inappropriate under I.C. § 12-121 because an appeal seeking judicial review of an agency ruling does not institute a civil action. Furthermore, the district court held that the matter was not brought, pursued or defended frivolously, unreasonably, or without foundation. Sunnyside filed a motion for reconsideration of its motion for attorney fees, which was denied by the district court. Sunnyside appeals.

## II.

## ANALYSIS

### A. Attorney Fees under I.C. § 12-117

Sunnyside argues that the Health District is a state agency for the purposes of an award of attorney fees under I.C. § 12-117.[1] Additionally, Sunnyside argues that the Health District acted without a reasonable basis in fact or law because, when a state agency acts outside the scope of its authority, the action is per se unreasonable. Therefore, Sunnyside contends that it was entitled to attorney fees as the prevailing party in the district court. The Health District responds that it is not a state agency for purposes of an award of attorney fees under I.C. § 12-117 because the legislature clearly provided in the Health District's enabling statute, I.C. § 39-401, that health districts not be considered state agencies. Furthermore, the Health District contends that it acted reasonably to protect the public health and safety from the threat posed by the sewage overflowing from Sunnyside's overburdened septic system. Additionally, the Health District argues that it possessed a reasonable belief that it had authority over systems like Sunnyside's

---

[1] Idaho Code Section 12-117(1) provides:

> Unless otherwise provided by statute, in any administrative or civil judicial proceeding involving as adverse parties a state agency, a city, a county or other taxing district and a person, the court shall award the prevailing party reasonable attorney's fees, witness fees and reasonable expenses, if the court finds that the party against whom the judgment is rendered acted without a reasonable basis in fact or law.

3

and that attorney fees should not be awarded based on a reasonable, but erroneous, interpretation of an ambiguous statute.

Idaho Code Section 12-117 is not a discretionary statute. *Rincover v. State, Dept. of Fin., Sec. Bureau*, 132 Idaho 547, 549, 976 P.2d 473, 475 (1999). Therefore, we exercise free review over the decision of a district court applying I.C. § 12-117. *Fischer v. City of Ketchum*, 141 Idaho 349, 356, 109 P.3d 1091, 1098 (2005). We first consider whether the Health District may be properly considered a state agency for purposes of an award of attorney fees pursuant to I.C. § 12-117. When interpreting a statute, we will construe the statute as a whole to give effect to the legislative intent. *George W. Watkins Family v. Messenger*, 118 Idaho 537, 539-40, 797 P.2d 1385, 1387-88 (1990); *Zener*, 135 Idaho at 355, 17 P.3d at 299. The plain meaning of a statute will prevail unless clearly expressed legislative intent is contrary or unless plain meaning leads to absurd results. *Watkins Family*, 118 Idaho at 540, 797 P.2d at 1388; *Zener*, 135 Idaho at 355, 17 P.3d at 299.

This case requires us to interpret I.C. § 12-117 which provides that a district court shall award attorney fees to a party who brings a successful civil suit against a state agency that has acted without a reasonable basis in fact or law. Idaho Code Section 12-117 incorporates the definition of agency found in the Idaho Administrative Procedure Act (IDAPA), I.C. § 67-5201. That Section defines an "agency" as:

> [E]ach *state* board, commission, department or officer authorized by law to make rules or to determine contested cases, but does not include the legislative or judicial branches, executive officers listed in section 1, article IV, of the constitution of the state of Idaho in the exercise of powers derived directly and exclusively from the constitution, the state militia or the state board of correction.

(Emphasis added). This definition does not unambiguously provide whether health districts are to be considered state boards, commissions, or departments. However, even if the plain language were clear, I.C. § 39-401 expressly provides the legislative intent regarding the Health District's status as a *state* agency which is contrary to the position which Sunnyside advocates. That Section provides:

> The various health districts, as provided for in this chapter, are not a single department of state government unto themselves, nor are they a part of any of the twenty (20) departments of state government authorized by section 20, article IV, Idaho constitution, or of the departments prescribed in section 67-2402, Idaho Code.

4

> *It is legislative intent that health districts operate and be recognized not as state agencies or departments, but as governmental entities whose creation has been authorized by the state, much in the manner as other single purpose districts.* Pursuant to this intent, and because health districts are not state departments or agencies, health districts are exempt from the required participation in the services of the purchasing agent or employee liability coverage, as rendered by the department of administration. However, nothing shall prohibit the health districts from entering into contractural [contractual] arrangements with the department of administration, or any other department of state government or an elected constitutional officer, for these or any other services.
>
> . . . .
>
> *This section merely affirms that health districts created under this chapter are not state agencies*, and in no way changes the character of those agencies as they existed prior to this act.

(Emphasis added). The legislative intent of I.C. § 39-401 is clear that health districts are not to be considered state agencies or departments.

In construing legislative acts it is our duty to ascertain the purpose and intent of the legislature and give force and effect thereto. *Watkins Family*, 118 Idaho at 539, 797 P.2d at 1387. In this case, we need look no further than the legislature's express intent that health districts not be considered as state agencies. However, a review of the legislative history of this section further supports this conclusion. The Health District's current enabling statute was introduced in 1975 as Senate Bill 1264. Prior to committee discussions, the legislature sought the advice of the Idaho Attorney General as to the agency status of health districts as then constituted. The Attorney General responded with an advisory opinion concluding that health districts were state agencies. *See* Op. Att'y Gen. No. 38-75, p. 117 (1975). The Senate committee minutes of January 26, 1976, reflect an acknowledgement of, and disagreement with, the Attorney General's opinion. Therefore, the committee recommended the inclusion of a statement of legislative intent, which later became I.C. § 39-401, to remedy the Attorney General's opinion and ensure that health districts not be considered as state agencies. Likewise, the House committee minutes of March 3, 1976, reflect the compromise between health districts and the Department of Health and Welfare reducing the liability of the state toward health districts and mooting the Attorney General's opinion. At the end of the opinion, the Attorney General concluded:

5

> [T]he legislature may exclude the boards and departments of the public health districts from any requirements otherwise imposed upon state agencies. . . . [I]n acknowledgement of the unique role health district departments and boards play, legislation could be promulgated to exclude them from statutory requirements otherwise applicable to other state agencies. The form and wisdom of such legislation is the domain of the legislature.

Op. Att'y Gen. No. 38-75, at 122-23. By codifying its legislative intent in I.C. § 39-401, the legislature accepted this proposal and provided that health districts were exempt from the requirements imposed on other state agencies because health districts were not to be considered state agencies.

Sunnyside argues that I.C. § 39-401 provides that the legislature only intended that health districts not be considered state agencies to exempt them from the required participation in the services of the purchasing agent or employee liability coverage. Sunnyside contends that I.C. § 39-401 does not provide that the legislature intended to exempt health districts from the application of I.C. § 12-117. However, I.C. § 39-401 does not provide that the legislature intended that health districts not be considered state agencies for the sole purpose enumerated therein. Rather, the section provides that the exemption from required participation in the services of the purchasing agent or employee liability coverage is just one byproduct of the expressed legislative intent. To make matters even more clear, at the end of the section, the legislature unequivocally reaffirmed its position that the purpose of I.C. § 39-401 was to provide that health districts are not state agencies.

Sunnyside contends that the Health District is authorized to make rules and determine contested cases and, therefore, it falls under the definition of agency provided by the IDAPA. However, this argument ignores the clear legislative intent provided by I.C. § 39-401. Regardless of the functions performed by the Health District, the legislature has provided that it is not to be considered a state agency. This unequivocal legislative intent is applicable even if the Health District performs some agency actions. Sunnyside claims that the legislature cannot grant the Health District agency authority to make rules and decide contested cases while simultaneously exempting the Health District from the burdens of state agency status. However, Sunnyside provides little authority in support of this proposition, and we are unpersuaded that the legislature was without this authority. The legislature clearly can grant certain agency

6

functions to an entity and, at the same time, declare that performing those functions does not raise said entity to "state agency" status.

Sunnyside argues that the Health District's former name, District Seven Health Department, implies that it qualifies under the IDAPA definition of agency. Sunnyside cites *Bott v. Idaho State Building Authority*, 122 Idaho 471, 479, 835 P.2d 1282, 1290 (1992), for the proposition that courts should consider the name of the entity as a factor in determining agency status. In *Bott*, the Supreme Court said that the name of the entity is of some assistance, but it did not look to the name as a conclusive factor. After recognizing that the name of the entity was of assistance in determining that it was not a state agency, the Court looked to the powers granted to the agency in order to determine the legislative intent in its creation. Based on that review, the Court determined that the legislature did not intend that the Idaho State Building Authority be treated as an agency for the purposes of attorney fees pursuant to I.C. § 12-117. In this case, as we stated above, we do not have to strain to ascertain the legislative intent because the legislature has clearly provided its intent in I.C. § 39-401. The Health District's former name does not change the express legislative intent that it not be considered a state agency.

Sunnyside argues that in *Rincover*, 132 Idaho at 550, 976 P.2d at 476, the Supreme Court broadly applied I.C. § 12-117 to the activities of agencies and other enumerated governmental agencies. Therefore, Sunnyside contends that the section should apply to the Health District because the legislature provided in I.C. § 39-401 that it is a governmental entity whose creation is authorized by the state. However, *Rincover* refers to the other governmental entities enumerated by I.C. § 67-5201(2) which are state boards, commissions, departments or officers. *Rincover* does not alter the legislative intent of I.C. § 39-401, which clearly provides that health districts are not state agencies. Sunnyside further argues that I.C. §§ 12-117 and 39-401 are irreconcilable. We have herein analyzed both sections and conclude that they are not irreconcilable. Therefore, we need not further address Sunnyside's arguments on this point.

Lastly, Sunnyside argues that the Supreme Court has treated local entities making determinations under the Local Land Use Planning Act (LLUPA) as state agencies because the legislature provided for judicial review of such decisions under the IDAPA. *See, e.g.*, *Crown Point Dev., Inc. v. City of Sun Valley*, 144 Idaho 72, 74-75, 156 P.3d 573, 575-76 (2007); *Evans v. Teton County*, 139 Idaho 71, 74, 73 P.3d 84, 87 (2003). Because the legislature also provided for such review of the Health District's decisions, Sunnyside contends that the Health District

should likewise be treated as a state agency for the purposes of awarding attorney fees under I.C. § 12-117. However, the Supreme Court cases holding that entities making determinations under the LLUPA will be treated as state agencies for purposes of judicial review are limited to that context and do not extend to all decisions subject to judicial review under the IDAPA. Furthermore, Sunnyside's argument again fails to account for the one important distinguishing feature in this case--the express legislative intent as codified in I.C. § 39-401. To hold that the Health District is a state agency, we would either have to completely ignore that section or strike it down in its entirety. We are unpersuaded to follow either of those alternatives. Therefore, the district court did not err by denying Sunnyside's motion for attorney fees pursuant to I.C. § 12-117 because the Health District is not a state agency. Pursuant to this holding, we need not further consider whether the Health District acted with a reasonable basis in fact or law.

## B.      Attorney Fees Under I.C. § 12-121

Sunnyside next argues that the district court abused its discretion by denying attorney fees under I.C. § 12-121. Sunnyside contends that its petition for judicial review and complaint for declaratory judgment initiated a civil action for purposes of an award of attorney fees under that section. Furthermore, Sunnyside contends that the Health District brought, pursued or defended the matter frivolously, unreasonably, or without foundation. The Health District responds that Sunnyside's petition for declaratory judgment and judicial review did not commence a civil action. Additionally, the Health District argues that its defense of the matter was not frivolous and unfounded as the Health District had a reasonable belief that it had authority to re-impose sanitary restrictions and presented legitimate, triable factual issues.

The decision whether to award attorney fees under I.C. § 12-121 rests within the sound discretion of the district court and will only be reversed where there is an abuse of discretion. *Bingham v. Montane Res. Assocs.*, 133 Idaho 420, 427, 987 P.2d 1035, 1042 (1999). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

8

An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party in any civil action and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). In this case, the district court did not address the issue of whether Sunnyside's petition instituted a civil action. Instead, the district court denied Sunnyside's request for attorney fees because the Health District did not defend the action frivolously, unreasonably, or without foundation. Thus, we will address whether this determination by the district court constituted an abuse of discretion.

Sunnyside contends that it is entitled to attorney fees under I.C. § 12-121 because the district court found that the Health District had acted outside the scope of its authority. For support Sunnyside relies on the holding of *Lockhart v. Department of Fish and Game*, 121 Idaho 894, 828 P.2d 1299 (1992). In that case, the Supreme Court held that, when an agency acts outside of the scope of its authority, it acts without a reasonable basis in fact or law for the purposes of I.C. § 12-117. *Id.* at 898, 828 P.2d 1303. However, Idaho Code Sections 12-117 and 12-121 contemplate different conduct. Idaho Code Section 12-117 addresses whether the agency's actions which gave rise to the litigation had a reasonable basis in fact or law. Idaho Code Section 12-121 addresses a party's conduct and argument during the course of litigation. Therefore, we must analyze whether the Health District's defense was frivolous, unreasonable, or without foundation.

In its order denying Sunnyside's motion for attorney fees, the district court found:

> Having previously found that the actions of [the Health District] were not taken without a reasonable basis in fact or law, the Court further finds that with regard to [the Health District], this matter was not brought, pursued or defended frivolously, unreasonably, or without foundation.

Because the district court concluded that the Health District had a reasonable justification for the course of action it pursued, it accordingly concluded that it was not frivolous for the Health District to advance that position in defense of the litigation.

When there are fairly debatable questions, attorney fees are not awardable pursuant to I.C. § 12-121. *Black v. Ameritel Inns, Inc.*, 139 Idaho 511, 515, 81 P.3d 416, 420 (2003). We have reviewed the record in this case and conclude that the Health District had a legitimate, defensible position that it had authority to re-impose sanitary restrictions on Sunnyside's

property. According to the Health District, its memorandum of understanding with the DEQ vested power in the responsible agency to re-impose sanitary restrictions and it believed that it was the responsible entity. The district court found that this interpretation was erroneous based on the expanded use of the septic system and that the Health District acted without authority. However, that does not render the Health District's defense of the litigation frivolous, unreasonable, or without foundation. Therefore, Sunnyside was not entitled to attorney fees pursuant to I.C. § 12-121, and the district court did not abuse its discretion in denying Sunnyside's motion for attorney fees pursuant to that section. Because of our holding, we need not further address Sunnyside's argument that its petition for judicial review and declaratory judgment instituted a civil action.

### C.      Motion to Reconsider

Sunnyside filed a motion to reconsider the denial of its request for attorney fees, which the district court denied. The decision to grant or deny a request for reconsideration generally rests in the sound discretion of the trial court. *Campbell v. Reagan,* 144 Idaho 254, 258, 159 P.3d 891, 895 (2007); *Carnell v. Barker Mgmt. Inc.,* 137 Idaho 322, 329, 48 P.3d 651, 658 (2002). Sunnyside was not entitled to attorney fees under I.C. §§ 12-117 or 12-121, therefore, we conclude that the district court did not abuse its discretion by denying Sunnyside's motion to reconsider the awarding of attorney fees under either section.

### D.      Attorney Fees on Appeal

Sunnyside also requests attorney fees on appeal under I.C. § 12-117 and 12-121. Sunnyside has not prevailed on appeal on either issue, therefore Sunnyside is not entitled to attorney fees under either section.

### III.

### CONCLUSION

The Health District is not a state agency for purposes of an award of attorney fees under I.C. § 12-117. Thus, the district court did not err in denying Sunnyside's motion for attorney fees pursuant to that section. Furthermore, the Health District did not defend the litigation frivolously, unreasonably, or without foundation. Therefore, the district court did not abuse its discretion by denying Sunnyside's motion for attorney fees pursuant to I.C. § 12-121. Accordingly, the district court's order denying attorney fees pursuant to I.C. §§ 12-117 and 12-121 is affirmed. The district court did not abuse its discretion by denying Sunnyside's motion to

reconsider. Therefore, the district court's order denying Sunnyside's motion for reconsideration is also affirmed. As the prevailing party, the Health District is awarded costs on appeal as a matter of course pursuant to I.A.R. 40(a). We do not award the Health District attorney fees because it did not request them.

Judge GRATTON, **CONCURS.**

Judge GUTIERREZ, **SPECIALLY CONCURRING**

I concur fully with the majority's analysis in Part II.B of its opinion. I concur with the result the majority reaches in Part II.A; however, I write separately because I would analyze the issue differently. I am not fully convinced that the legislature has unequivocally provided that health districts not be considered state agencies for purposes of attorney fees under I.C. § 12-117. However, even were we to assume that health districts should be considered state agencies for purposes of I.C. § 12-117, I do not believe that the Health District acted unreasonably without a basis in fact or law in this case as appellant suggests. Accordingly, I agree that the district court's denial of Sunnyside's attorney fees under I.C. § 12-117 should be affirmed.