96 P.3d 613 (2004)
140 Idaho 512
In re The APPLICATION FOR ZONING CHANGE.
Jerry & Connie Brower, Petitioners-Appellants,
v.
Bingham County Commissioners, Respondent.
No. 29739.
Supreme Court of Idaho. Boise, May 2004 Term.
June 30, 2004.
Rehearing Denied August 19, 2004.
*614 Scott E. Axline, Blackfoot, argued for appellants.
J. Scott Andrew, Blackfoot, argued for respondent.
EISMANN, Justice.
This is an appeal from a judgment dismissing a petition for judicial review of the denial of an application to rezone real property. The planning and zoning commission had recommended approval, but, with one county commissioner recused and the two remaining commissioners split on the issue, the board of county commissioners denied the request because there was not a majority vote to approve it. We affirm the decision of the district court holding inapplicable a provision in the zoning ordinance that would have required the commissioners to accept the recommendation of the planning and zoning commission unless rejected by a majority vote of the commissioners. We also affirm the district court's decision denying the request to present additional evidence on appeal.

I. FACTS AND PROCEDURAL HISTORY
The petitioners-appellants Jerry and Connie Brower own real property in Bingham County that they petitioned to have rezoned so that they could subdivide it. The planning and zoning commission recommended approval of the zoning change, and the Board of County Commissioners for Bingham County then considered the request. The commissioners held a public hearing on July 30, 2002. At the commencement of the hearing, one of the commissioners recused himself because Jerry Brower was his cousin, leaving two commissioners to act upon the requested rezone. "The commissioners, the Browers, and others then discussed the impact of a provision in the zoning ordinance that states, The Commission shall accept the recommendation of the [Planning and Zoning] Board unless rejected by a majority vote." Eventually, the commissioners met in executive session to consult with legal counsel, who advised them that this provision of the zoning ordinance would not apply because the requested zoning change had to be adopted by the commissioners. They then continued with the public hearing and, at the conclusion of the hearing, adjourned until August 8, 2002, to deliberate the request. On that date, the two remaining commissioners met. One commissioner moved to accept the recommendation of the planning and zoning commission, but that motion died for the lack of a second. The other commissioner then moved to reject the recommendation, but that motion likewise died for the lack of a second. As a result, the commissioners denied the requested zoning change.
On September 4, 2002, the Browers filed a petition for judicial review. The district court held that where, as in this case, the action recommended by the planning and zoning commission required the adoption of an ordinance, the quoted provision from the ordinance was in conflict with state law. It therefore upheld the denial of the Browers proposed zoning change and dismissed the petition for judicial review. The Browers then appealed.

II. ISSUES ON APPEAL
A. Is the provision in the zoning ordinance, which requires the board of commissioners to accept the recommendation of the planning and zoning board unless they reject it by a majority vote, applicable when the recommendation is to amend the zoning ordinance?
B. Did the district court err in denying the Browers' request to present additional evidence?
C. Are the Browers entitled to an award of attorney fees on appeal under Idaho Code § 12-117?

III. ANALYSIS

A. Is the Provision in the Zoning Ordinance, Which Requires the Board of Commissioners to Accept the Recommendation of the Planning and Zoning Board Unless They Reject It by a Majority Vote, Applicable When the Recommendation Is to Amend the Zoning Ordinance?
A person aggrieved by a planning and zoning decision may seek judicial review *615 of that decision under the Idaho Administrative Procedures Act (IAPA). IDAHO CODE § 67-6521(d) (2001). On an appeal from a decision of a district court acting in its appellate capacity under the IAPA, this Court reviews the agency record independently of the district court's decision. Sanders Orchard v. Gem County, 137 Idaho 695, 52 P.3d 840 (2002). The interpretation of a statute is a question of law over which we exercise free review. City of Sandpoint v. Sandpoint Indep. Highway Dist., 139 Idaho 65, 72 P.3d 905 (2003).
Section 17.7 of the Bingham County Zoning Ordinance provides, "The Commission shall accept the recommendation of the [Planning and Zoning] Board unless rejected by a majority vote." Article XII, § 2, of the Idaho Constitution provides, "Any county ... may make and enforce ... all such local police, sanitary and other regulations as are not in conflict ... with the general laws." Thus, the issue is whether § 17.7 of the zoning ordinance is, in this case, in conflict with the general laws.
Idaho Code § 67-6504 provides for the creation of a planning and zoning commission. It provides, in part:
A city council or board of county commissioners, hereafter referred to as a governing board, may exercise all of the powers required and authorized by this chapter in accordance with this chapter. If a governing board does not elect to exercise the powers conferred by this chapter, it shall establish by ordinance adopted, amended, or repealed in accordance with the notice and hearing procedures provided in section 67-6509, Idaho Code, a planning commission and a zoning commission or a planning and zoning commission acting in both capacities, which may act with the full authority of the governing board, excluding the authority to adopt ordinances or to finally approve land subdivisions.
Under Idaho Code § 67-6504, the county commissioners cannot delegate to a planning and zoning commission the authority to adopt ordinances or to finally approve land subdivisions.
The zoning change requested by the Browers required the adoption of an ordinance amending the current zoning ordinance. Idaho Code § 67-6511 sets forth the procedure for doing so as follows:
Ordinances establishing zoning districts shall be amended as follows:
(a) Requests for an amendment to the zoning ordinance shall be submitted to the zoning or planning and zoning commission which shall evaluate the request to determine the extent and nature of the amendment requested. Particular consideration shall be given to the effects of any proposed zone change upon the delivery of services by any political subdivision providing public services, including school districts, within the planning jurisdiction. An amendment of a zoning ordinance applicable to an owner's lands or approval of conditional rezoning or denial of a request for rezoning may be subject to the regulatory taking analysis provided for by section 67-8003, Idaho Code, consistent with the requirements established thereby.
(b) After considering the comprehensive plan and other evidence gathered through the public hearing process, the zoning or planning and zoning commission may recommend and the governing board may adopt or reject an ordinance amendment pursuant to the notice and hearing procedures provided in section 67-6509, Idaho Code, provided that in the case of a zoning district boundary change, and notwithstanding jurisdictional boundaries, additional notice shall be provided by mail to property owners or purchasers of record within the land being considered, and within three hundred (300) feet of the external boundaries of the land being considered, and any additional area that may be impacted by the proposed change as determined by the commission....
(c) If the request is found by the governing board to be in conflict with the adopted plan, or would result in demonstrable adverse impacts upon the delivery of services by any political subdivision providing public services, including school districts, within the planning jurisdiction, the governing board may require the request *616 to be submitted to the planning or planning and zoning commission or, in absence of a commission, the governing board may consider an amendment to the comprehensive plan pursuant to the notice and hearing procedures provided in section 67-6509, Idaho Code. After the plan has been amended, the zoning ordinance may then be considered for amendment pursuant to section 67-6511(b), Idaho Code.
According to the statutory procedure, the "planning and zoning commission may recommend and the governing board may adopt or reject an ordinance amendment." A planning and zoning commission may only recommend zoning changes. It is the governing board, in this case the county commissioners, who must either adopt or reject the recommended change.
The Browers' requested zoning change could only happen if the county commissioners adopted an ordinance amending the current zoning ordinance. Although the planning and zoning commission had the authority to recommend that zoning change, the commissioners could not delegate to the planning and zoning commission the authority to adopt an ordinance making that zoning change. IDAHO CODE §§ 67-6504 & 67-6511. The application of § 17.7 of the zoning ordinance in this situation would, in essence, delegate to the planning and zoning commission the authority to amend the zoning ordinance. The commissioners would be required to approve the recommended zoning change unless they rejected it by a majority vote. Where, as here, the commissioners were equally split, § 17.7 would require the dissenting commissioner to abandon his own discretion and approve the planning and zoning commission's recommendation. The recommendation could not be adopted by the board of commissioners unless both commissioners voted to do so. There is no real difference between delegating to the planning and zoning commission the authority to adopt an ordinance and requiring the commissioners to adopt an ordinance recommended by the planning and zoning commission. Therefore, § 17.7 of the county zoning ordinance cannot be applied in this situation because to do so would conflict with statutes enacted by the legislature. Gumprecht v. City of Coeur d'Alene, 104 Idaho 615, 661 P.2d 1214 (1983).
The Browers also argue that the denial of their rezoning request is not supported by substantial evidence. Idaho Code § 67-6535(b) provides:
The approval or denial of any application provided for in this chapter shall be in writing and accompanied by a reasoned statement that explains the criteria and standards considered relevant, states the relevant contested facts relied upon, and explains the rationale for the decision based on the applicable provisions of the comprehensive plan, relevant ordinance and statutory provisions, pertinent constitutional principles and factual information contained in the record.
In this instance, the board of commissioners did not vote to deny the Browers' application. Idaho Code § 67-6506 required the commissioner who was related to Jerry Brower to abstain from participating in the proceedings, but there is no provision in the law for the appointment of a substitute. The two remaining commissioners were split on the issue. There was no majority vote either to approve or to deny the rezoning application. By its terms, § 67-6535 only applies when there is a decision on the merits of the application either to approve it or to deny it. Where, as in this circumstance, the board of county commissioners has not voted either to approve or deny an application, Idaho Code § 67-6535 does not apply.

B. Did the District Court Err in Denying the Browers' Request to Present Additional Evidence?
In certain circumstances, additional evidence can be presented to the district court in connection with a petition for judicial review. Idaho Code § 67-5276 provides that the court can grant a request to present additional evidence if it is shown to the satisfaction of the court that the additional evidence is material, relates to the validity of the agency action, and that ... there were alleged irregularities in procedure before the agency. The district court's decision on *617 whether to admit additional evidence under Idaho Code § 67-5276 will not be overturned unless it abused its discretion.
On January 21, 2003, the Browers filed a motion seeking leave to conduct discovery into the issue of whether one of the commissioners had considered matters outside the record. They supported that motion with a letter written to the Browers by a Carrie Hasselbring on July 30, 2002. In that letter, Ms. Hasselbring stated that she had two concerns. The first dealt with the allegation that Mr. Neff, the chair of the planning and zoning commission, had helped another person prepare remarks presented during the public hearing before the county commissioners. She felt it was a conflict of interest for the chair of the planning and zoning commission to do so. Her second concern was that after the public hearing had concluded, she saw the three county commissioners and Mrs. Neff talking together. She then described what occurred as follows:
Renee [Neff] told me they were just talking about this, but wanted me to know about the dedication of her husband. As you remember, I testified that I found it to be a travesty for members of the Planning & Zoning Board to have previously made up their mind prior to hearing testimony at a P & Z hearing. Renee informed [sic] that her husband was very dedicated to his position and took it very seriously. Before every hearing he visits the property in question and researches the code, ordinance, etc. She said that is why he is so prepared for the meetings. She stated that the other members should also be so thorough. I don't necessarily disagree with Renee and certainly admire her standing up for her husband, but my concern here is that this conversation concerned testimony and was taking place in front of the commissioners after testimony was closed. I did tell Renee and everyone in the room that I still have concerns over members of P & Z or members of any public office for that matter having a personal agenda. I referred again to Mr. Neff's long speech and the comment made by another P & Z member stating that, he lived in the country and didn't want to have neighbors either. Who is he to think he should have exclusive rights to the country? I also stated the speech made by Marvin sounded suspiciously like the speech referred to at the Planning and Zoning meeting made by Mr. Neff, and that Marvin had pretty much confirmed my suspicions. Renee told me that it was she that had done the research and the reason that it sound [sic] so familiar was that it had come form [sic] the same sources. She was honored to be asked to share her expertise and knowledge with the neighbors of the proposed zone change. After the conversation, everyone stood up and vacated the building.
The Browers also submitted an affidavit from Ms. Hasselbring, but that affidavit is not part of the record on appeal.
The district court held that the Browers failed to make a sufficient showing to merit taking additional evidence. The court noted that there was no showing that the discussion with or in the presence of the commissioners concerned the facts of the rezoning request. Although Ms. Hasselbring stated in her letter, "[M]y concern here is that this conversation concerned testimony and was taking place in front of the commissioners after testimony was closed," she offered no facts to support that conclusory allegation. She also stated in her letter, "Renee [Neff] told me they were just talking about this, but wanted me to know about the dedication of her husband." It is not clear what the "this" is to which Mrs. Neff referred. Given the context of the letter, the district court could reasonably have read it to mean that they had been talking about the allegations made against Mr. Neff, the chair of the planning and zoning commission. That was certainly the primary topic of the letter, and Ms. Hasselbring had testified during the public hearing that, in her opinion, certain members of the planning and zoning commission appeared to have had their minds made up before their public hearing because they gave prepared speeches at the hearing. As she stated in her letter, "As you remember, I testified that I found it to be a travesty for members of the Planning & Zoning Board to have previously made up their mind prior to hearing testimony at a P & Z hearing." Although *618 she did not name such members of the planning and zoning commission, it is apparent that at least Mrs. Neff interpreted such criticism to apply to her husband. Given the ambiguity of the letter, the district court did not abuse its discretion in denying the Browers' motion for leave to present additional evidence. The commissioners' conduct in listening to Mrs. Neff's defense of her husband constituted neither the receipt of facts relevant to the rezoning request nor the convening of a meeting to make a decision or deliberate toward a decision on the rezoning request.

C. Are the Browers Entitled to an Award of Attorney Fees on Appeal Under Idaho Code § 12-117?
The Browers seek an award of attorney fees on appeal pursuant to Idaho Code § 12-117. Because they have not prevailed on appeal, the Browers are not entitled to an award of attorney fees. Uhl v. Ballard Med. Prods., Inc., 138 Idaho 653, 67 P.3d 1265 (2003).

IV. CONCLUSION
We affirm the denial of the rezoning request and the decision of the district court denying the Browers' request to present additional evidence. We award costs on appeal to the respondents.
Chief Justice TROUT, and Justices SCHROEDER, KIDWELL and BURDICK concur.